### W. C. HOWARD v. THE STATE.

#### No. 3459. Decided March 3, 1915.

**1.—Aggravated Assault—Hearsay Evidence.**

Where, upon trial of aggravated assault, State's witnesses were permitted to testify to statements made by third parties in the absence of the defendant, the same was reversible error.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence showed that the defendant and the alleged assaulted party were husband and wife, and there was no testimony of a positive nature that defendant made any assault upon his wife, the conviction could not be sustained.

**3.—Same—Deadly Weapon—Charge of Court.**

Where, upon trial of aggravated assault, there was no evidence that any deadly weapon was used, the court's charge as to the use of a deadly weapon, etc., was reversible error.

Appeal from the County Court of Newton. Tried below before the Hon. W. E. Gray.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Forse & Hamilton,* for appellant.—On question of hearsay statements of third parties: Catlett v. State, 61 S. W. Rep., 485; Kessinger v. State, 71 S. W. Rep., 597.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The information and complaint charge appellant, who was then and there an adult male, did commit an aggravated assault and battery in and upon the person of Carrie Howard, who was a female.

The evidence shows they sustained the relation of husband and wife. She did not testify in the case. There was no testimony introduced of a positive nature that appellant made any assault upon his wife. There are some circumstances from which it might be deduced that about half after one or two o'clock in the evening the voice of a female supposed to be appellant's wife was heard at his residence. She was screaming or making a noise. It was shown that subsequently she had some bruises on her person. Witnesses were permitted to testify to statements which they said Mrs. Howard made to them indicating that he had caught her by the hair and jerked her down. Two or three of these witnesses were permitted to testify to statements made by Mrs. Howard to them which would indicate that appellant had assaulted her. This testimony should have been excluded on the objection of appellant. Bills of exception were reserved on various grounds. These rulings of the court necessitate a reversal of the judgment. The testimony was purely hearsay. This is so obviously so it is unnecessary to cite authority. Without these hearsay statements of the alleged assaulted party the State does not show, except as above stated in this opinion, that there was any assault made. The court in his charge gave all the definitions of assault, among others, the use of a deadly weapon, etc. There was no evidence in the case that any deadly weapon was used, nor any intimation even from the hearsay statements. These bills with reference to the hearsay statements of Mrs. Howard as to what the defendant did to her, show they were made in his absence and over his objection. It is deemed unnecessary to go into a discussion of these matters. Such hearsay statements are not admissible, and should have been excluded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*